UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BROWARD DIVISION

CASE NO.: 24-cv-61667-MD

MBL RISK ANALYTICS, LLC,

 Plaintiff,

v.

ALAN RICKETTS, JR., AMR RISK
CONSULTING, LLC and MBL SOLUTIONS,
INC.,

 Defendants.

_____/

**DEFENDANTS' MOTION TO DISMISS
COUNTS III-VIII OF PLAINTIFF'S COMPLAINT**

Defendants, ALAN RICKETTS, JR., AMR RISK CONSULTING, LLC and MBL SOLUTIONS, INC., by and through the undersigned attorneys, pursuant to Federal Rule of Civil Procedure 12(b)(6) hereby files this Motion to Dismiss Counts III-VIII Plaintiff's Complaint and in support, states as follows:

**INTRODUCTION**

On July 29, 2024, Plaintiff filed its eight-count Complaint against Defendants for breach of contract[1], fraudulent misrepresentation, misappropriation of intellectual property under Fla. Stat. 688.002, negligent misrepresentation, infringement of intellectual property, tortious interference with a business relationship and breach of fiduciary duty. Plaintiff's Complaint

---

[1] In the interest of judicial economy, Defendants move for an extension of time to respond to Counts I and II of Plaintiff's Complaint until after the Court's ruling on the instant Motion to Dismiss to preclude the filing of two answers to Plaintiff's Complaint.

follows the December 19, 2023 separation between AMR Risk Consulting, LLC ("AMR") and Alan Ricketts ("Ricketts") from MBL Risk Analytics, LLC ("MBL") after AMR and MBL's execution of a separation agreement outlining the terms of the parties 'separation. In its Complaint, Plaintiff contends that Ricketts misrepresented the basis for AMR's separation from MBL to induce MBL to release AMR from the non-compete and non-solicitation clauses contained in the parties' 2023 Operating Agreement before Ricketts formed MBL Solutions, LLC ("MBLS") on December 26, 2023.Furthermore, Plaintiff alleges that MBLS interfered with MBL's relationship with its client Y-12 by (the general assertion of) misappropriating confidential and proprietary information from MBL's 2022 report to Y-12 to produce a 2024 report for Y-12.

However, Plaintiff's Complaint contains numerous pleading deficiencies warranting dismissal. Plaintiff notably failed to allege its trade secrets with the particularity for misappropriation of trade secret claims. Additionally, the Florida Uniform Trade Secrets Acts ("FUTSA") preempts Plaintiff's conflicting tort claims relating to Defendants' alleged misappropriation of trade secrets because of the absence of material distinctions between the allegations comprising the additional torts and the allegations supporting the FUTSA claim. Lastly, Plaintiff's negligent misrepresentation and fraudulent misrepresentation claims also warrant dismissal because of Plaintiff's failure to plead either claim with the particularity required from Rule 9(b) of the Federal Rules of Civil Procedure.

## MEMORANDUM OF LAW

**I.     Legal Standards Governing a Rule 12(b)(6) Motion to Dismiss**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-

unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that asserts mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. And "on the assumption that all the allegations are true (even if doubtful in fact)," the factual allegations pleaded "must be enough to raise a right to relief above the speculative level." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (brackets in original) (quoting Fed. R. Civ. P. 8(a)(2)).

"The Supreme Court has employed a 'two-pronged approach' in applying the foregoing principles: first, a reviewing court should eliminate any allegations in the complaint that are merely legal conclusions; and second, where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Boyd v. Warden, Holman Correctional Facility*, 856 F.3d 853, 864 (11th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 679).

**II.     Plaintiff Failed to Allege its Trade Secrets with Particularity and Count IV Accordingly Must be Dismissed**

To successfully state a cause of action under FUTSA, a plaintiff must allege that: "(1) the plaintiff possessed secret information[, (2)] took reasonable steps to protect its secrecy[, and (3)] the secret it possessed was misappropriated, either by one who knew or had reason to know that the secret was improperly obtained or by one who used improper means to obtain it." *Poet Theatricals Marine, LLC v. Celebrity Cruises, Inc.*, 307 So. 3d 927, 929 (Fla. 3d DCA 2020) (quoting *Del Monte Fresh Produce Co. v. Dole Food Co., Inc.*, 136 F. Supp. 2d 1271, 1291 (S.D. Fla. 2001). Importantly, a plaintiff has the burden to describe the alleged trade secret with reasonable particularity. *Levenger Co. v. Feldman*, 516 F.Supp.2d 1272, 1287 (S.D.Fla.2007). "To be sure, it is important for a plaintiff to allege trade secrets with particularity at the pleading stage in order to give the defendant adequate notice of the material that is allegedly subject to trade-secret protection." *Fin. Info. Techs., LLC v. iControl Sys., USA, LLC*, 21 F.4th 1267, 1273 (11th Cir. 2021).

In the instant matter, Plaintiff alleges that Defendants misappropriated the confidential and proprietary 2022 Report created by MBL without any further description. Conversely, Plaintiff merely stated that the "annual reports created by MBL are the confidential and proprietary information of MBL" without any reference to the specific information or processes contained in the 2022 Reports that purportedly constituted trade secrets. As such, it is unclear exactly what aspect of its 2022 Reports Plaintiff seeks to protect as a trade secret. *See Del Monte Fresh Produce Co. v. Dole Food Co., Inc.*, 136 F. Supp. 2d 1271, 1293 (S.D. Fla. 2001). Consequently, Plaintiff's Complaint unequivocally fails to provide Defendants with adequate notice of the material from its 2022 Reports that is allegedly subject to trade secret protection *See Fin. Info. Techs., LLC v. iControl Sys., USA, LLC*, 21 F.4th 1267, 1273 (11th Cir. 2021).

This is evident when comparing Plaintiff's trade secret description (or lack thereof) with approved trade secret descriptions from analogous cases. *See DynCorp Int'l v. AAR Airlift Group, Inc.*, 664 Fed. Appx. 844, 849 (11th Cir. 2016) ("[F]inancial and technical data, but specifically identified financial and technical data related to DynCorp's pre-existing WASS contract, including personnel lists, salary and pay differentials, and pricing data related to staffing and business operations ...."); *Disability Law Claims, P.A. v. IM Solutions, LLC*, 2014 WL 12589140 at *3 (S.D. Fla. Sept. 5, 2014) (" '[A] confidential and proprietary system' that creates leads in the SSD industry and 'provides a competitive advantage' which 'generate[s] a premium marketplace price' ...."); *Am. Registry, LLC v. Hanaw*, 2014 WL 12606501, at *1 (M.D. Fla. July 16, 2014) ("[I]ts business plan; customer lists; system architecture; financial data; profits and profit margins; statistical history with its customers and vendors; computer programs and software concerning its entire business operations; research and development information related to its customers and products offered for sale; information about its strategic partners and relationships with them; and data and information on its employees, independent contractors, and third party vendors ...."); *Treco Intern*. S.A., 706 F. Supp. 2d at 1286 ("(1) [C]onfidential information on the development, structure and marketing of the xMax network; (2) the timing of the xMax network's commercial deployment; (3) technical information about the feasibility of the xMax network obtained through a highly confidential and high-level due diligence report and through discussions with xG researcher and development and engineering personnel ...." (internal citations omitted)).

Accordingly, Count IV of Plaintiff's Complaint must be dismissed based on this glaring pleading deficiency.

**III.    Plaintiff's Tort Claims Based on the Misappropriation of Trade Secrets are Preempted by Florida's Uniform Trade Secrets Act**

Pursuant to § 688.008(1), Fla. Stat., Florida's Uniform Trade Secrets Act displaces conflicting tort, restitutory, and other law providing civil remedies for misappropriation of a trade secret. In other words, FUTSA preempts all civil claims (with the sole exception of contract claims) based on misappropriation of trade secrets. Thus, to pursue additional tort causes of action where there are claims for misappropriation of a trade secret, there must be material distinctions between the allegations comprising the additional torts and the allegations supporting the FUTSA claim. *New Lenox Industries, Inc. v. Fenton*, 510 F. Supp. 2d 893 (M.D. Fla. 2007). "[T]he issue becomes whether the allegations of trade secret misappropriation alone comprise the underlying wrong." *Allegiance Healthcare Corp. v. Coleman*, 232 F. Supp. 2d 1329, 1335–36 (S.D. Fla. 2002).

Here, Counts VI, VII and VII of Plaintiff's Complaint are all premised on the alleged misappropriation of MBL's trade secrets. In Count VI, Plaintiff contends, "Ricketts and MBLS have breached [the duty to maintain the secrecy of the work product of MBL] by misappropriating the 2022 Reports for their own use and gain." *See* Complaint at ¶¶ 62-63. In Count VII, Plaintiff alleges, "Ricketts and MBLS intentionally used MBL's intellectual property and trade secrets to sell competing services with the purpose of interfering in the business relationship between Y-12 and MBL." *See* Complaint at ¶ 74. While in Count VII, Plaintiff claims, "Ricketts breached his fiduciary duty to MBL by misappropriating intellectual property and trade secrets of MBL's for Ricketts' personal benefit and the benefit of a competing business-MBLS." *See* Complaint at ¶ 80.

Therefore, it is apparent that there are no material distinctions between Counts VI, VII, VIII and Count IV (the FUTSA claim) of Plaintiff's Complaint. Rather, the allegations of trade secret misappropriation alone comprise the underlying wrong articulated in Counts VI, VII and

VIII. No amount of subterfuge or thinly veiled attempts at pleading in the alternative can conceal this reality.

Though Plaintiff may argue that the tortious interference claim is not the misappropriation of trade secrets, but rather Defendants' alleged use of trade secrets to interfere with Plaintiff's business relationship with Y-12, the underlying misconduct for both claims is the same[2] —alleged misappropriation of confidential and proprietary information. *See American Registry, LLC v. Hanaw*, 2014 WL 12606501 (M.D. Fla. July 16, 2014) (finding that FUTSA preempted tortious interference claims where defendant was alleged to have used trade secret information to solicit and steal customers).

Similarly, Plaintiff may assert that the allegations of Count VI are materially distinct from those in Count IV because Plaintiff alleged that Defendants "unjustly enriched themselves by infringing MBL's confidential and proprietary 2022 Reports." This claim is similarly preempted by FUTSA because the underlying wrong stems from the misappropriation of trade secrets. *See Surfaces, Inc. v. Point Blank Enterprises, Inc*., 20-62648-CIV, 2022 WL 18956101, at *4 (S.D. Fla. Mar. 25, 2022).

---

[2] Assuming arguendo that the Court does not agree that FUTSA preempts Plaintiff's tortious interference claim, the independent tort doctrine should nevertheless preclude Plaintiff from proceeding on its tortious interference claim against MBLS and Ricketts because it is clear from the face of Plaintiff's Complaint that the alleged misconduct in Plaintiff's tortious interference claim is identical to the misconduct alleged in Plaintiff's breach of contract action against MBLS and Ricketts. Florida law is clear that: "when a contract is breached, the parameters of a plaintiff's claim are defined by contract law, rather than by tort law." *Peebles v. Puig*, 223 So. 3d 1065, 1068 (Fla. 3d DCA 2017) (stating for a tort relating to a contract "to be actionable, the damages stemming from that [tort] . . . must be independent, separate and distinct from the damages sustained from the contract's breach"); see *Island Travel & Tours, Ltd., Co. v. MYR Indep., Inc.*, 300 So. 3d 1236, 1239 (Fla. 3d DCA 2020) ("It is a fundamental, long-standing common law principle that a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract."). Where a contractual relationship exists between the parties (as Plaintiff claims exists here with the 2023 Operating Agreement and the Separation Agreement), for the Plaintiff to also have a claim for that sounds in tort, the tort must go beyond, and be independent from, a failure to comply with the terms of a contract. *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055–56 (Fla. 3d DCA 2008) (emphasis added); See also *Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So.2d 490, 495 (Fla. 3d DCA 1994)("[A] plaintiff may not circumvent the contractual relationship by bringing an action in tort.") (emphasis added).

Naturally, Plaintiff may contend that it is premature to consider the preemption issue at the motion to dismiss stage because if it is later determined that Plaintiff cannot state a claim for misappropriation of trade secrets, its infringement of intellectual property, tortious interference with a business relationship and breach of fiduciary duty claims would not be preempted by FUTSA. However, FUTSA "preempts all non-contract claims based on the misappropriation of confidential and/or commercially valuable information even if the information does not constitute" a statutorily-defined "trade secret." *Am Registry, LLC v. Hanaw*, 2014 WL 12606501, at *6 (M.D. Fla. July 16, 2014)[3].

Moreover, the Southern District has soundly rejected the proposition that preemption is improper at the motion to dismiss stage based on *American Registry, LLC. v. Hanaw* and FUTSA's instruction that it "shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this act among states enacting it." *See Jouria v. CE Res., Inc.*, No. 0:15-CV-61165-WPD, 2017 WL 3868422, at *5 (S.D. Fla. July 17, 2017); *Pelfry v. Mahaffy*, No. 17-CV-80920, 2018 WL 3110797, at *2 n.1 (S.D. Fla. Feb. 7, 2018). Therefore, it is not premature for this Court to decide the preemption issue at the motion to dismiss stage and Counts VI, VII and VIII must be dismissed based on their preemption by FUTSA.

**IV.   Plaintiff Failed to Sufficiently Plead its Negligent Misrepresentation and Fraudulent Misrepresentation Claims**

The gravamen of Plaintiff's fraudulent and negligent misrepresentation stems from Ricketts' alleged representation to MBL that "personal reasons" were the basis for AMR and Ricketts' separation from MBL. *See* Complaint at ¶ 15. In addition, Plaintiff alleged that Ricketts knew that

---

[3] Although this result may seem harsh, the UTSA's preemption provision does "permit individuals and corporate entities to protect their valuable commercial information contractually, regardless of whether such information meets the statutory definition of 'trade secret.' " *Am. Registry, LLC v. Hanaw*, 2:13-CV-352-FTM-29CM, 2014 WL 12606501, at *5 (M.D. Fla. July 16, 2014). Here, Plaintiff retains breach of contract actions relating to the misappropriation of their trade secrets in Count I and II of its Complaint.

such representation was false at the time of entering the separation agreement. *See* Complaint at ¶¶39 & 56. Plaintiff nonsensically asserts that the representation that Ricketts' separation was for "personal reasons" ultimately induced MBL to include language releasing Ricketts from the non-compete and non-solicitation clauses contained within the 2023 Operation Agreement. *See* Complaint at ¶ 16. Plaintiff further claims that Rickets failed to mention his intent to open a new company, provide competing services to those of MBL, solicit customers of MBL nor misappropriate MBL's intellectual property as part of the basis for the parties' separation. *See* Complaint at ¶ 17.

Under Florida Law, "[t]o establish negligent misrepresentation, a party is required to prove: (1) a misrepresentation of material fact that the defendant believed to be true but which was in fact false; (2) that defendant should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely on the misrepresentation; and (4) the plaintiff acted in justifiable reliance upon the misrepresentation." *Arlington Pebble Creek, LLC v. Campus Edge Condo. Ass'n, Inc.*, 232 So. 3d 502, 505 (Fla. 1st DCA 2017). Justifiable reliance will exist if "a reasonable person in the position of the recipient would be expected to investigate" the information. *Gilchrist Timber Co. v. ITT Rayonier, Inc.*, 696 So.2d 339 (Fla.1997). While the elements of a fraudulent misrepresentation claim in Florida are "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Butler v. Yusem*, 44 So.3d 102, 105 (Fla. 2010).

However, Plaintiff's allegations are insufficient to establish either cause of action. Importantly, negligent misrepresentation allegations are subject to Rule 9(b)'s heightened particularity standard. *Lamm v. State St. Bank & Tr.*, 749 F.3d 938, 951 (11th Cir. 2014). Likewise, fraud allegations are

subject to heightened pleading standards under Federal Rule of Civil Procedure 9(b), which requires a party to "state with particularity the circumstances constituting fraud." This means "a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006) (internal quotations omitted).

Here, Plaintiff failed to adequately plead facts as to the time, place, and substance of the defendant's allegedly negligent misrepresentation as required by Rule 9(b)'s heightened particularity standard. Plaintiff failed to provide details as to when Ricketts made the representation concerning the basis for the parties' separation, to whom he made such representation and how such representation (method of communication) was made.

Moreover, Plaintiff failed to plead and cannot prove that it acted in justifiable reliance upon Ricketts' alleged misrepresentation (which Defendant denies was a misrepresentation – Defendant steadfastly holds that the separation was indeed for personal reasons). Significantly, a negligent misrepresentation claim must fail if an investigation by the recipient of the information would have revealed the falsity of the communication. *Gilchrist Timber Co. v. ITT Rayonier, Inc.*, 696 So.2d 334, 339 (Fla. 1997). In other words, a recipient of an erroneous representation cannot "hide behind the unintentional negligence of the misrepresenter when the recipient is likewise negligent in failing to discover the error." *Butler v. Yusem*, 44 So.3d 105 (Fla. 2010) (citations omitted).

In this instance, a simple investigation of Ricketts' intentions following the separation with MBL concerning starting a new company providing competing services (or otherwise remaining in the industry) would have sufficed given that Plaintiff was only responsible for investigating information which a reasonable person in its position as the recipient would be expected to

investigate. *Kurimski v. Shell Oil Company*, 570 F. Supp. 3d 1228 (S.D. Fla. 2021) (applying Florida law). Yet, Plaintiff nevertheless failed to comply with this standard, rendering its reliance on Ricketts' statement unjustifiable and Count V of Plaintiff's Complaint accordingly fails. *Douse v. Boston Sci. Corp.*, 314 F. Supp. 3d 1251, 1264 (M.D. Fla. 2018).

With regard to Plaintiff's fraudulent misrepresentation claim, Plaintiff similarly failed to plead the "who, what when, where, and how: the first paragraph of any newspaper story" of Rickets' alleged fraudulent misrepresentation. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006). Specifically, Plaintiff failed to plead when Ricketts made the representation concerning the basis for the parties' separation, to whom he made such representation and how such representation (method of communication) was made.

Additionally, Plaintiff failed to explain why Ricketts' representation as to separating for "personal reasons" was false or what relevance the separation basis of "personal reasons" has in relation to Defendants not starting a new company providing competing services to those of MBL or soliciting MBL's customers. *See Douse v. Boston Sci. Corp.*, 314 F. Supp. 3d 1251, 1262 (M.D. Fla. 2018) (holding that the plaintiff's fraudulent misrepresentation claim fails under Rule 9(b) because the Amended Complaint does not detail why the statement was false or its relevance to material facts). The missing context is important because an employee representing that they are leaving a company for "personal reasons" does not signify that said employee is *not* leaving to start a rival company or will *not* solicit the company's clients without additional context.

Furthermore, the phrase "personal reasons" is a particularly broad and theoretically could have encompassed starting a competing company amongst other reasons. As currently pled, Plaintiff's Complaint fails to exemplify how Defendants separating from MBL for "personal reasons" is equivalent to an agreement not to compete or solicit clients. Therefore, Plaintiff clearly fails to

comply with Rule 9(b)'s heightened pleading standard for fraudulent misrepresentation actions and Cout III of Plaintiff's Complaint must be dismissed.

## CONCLUSION

Ultimately, Plaintiff's Complaint warrants dismissal because of Plaintiff's failure to plead its misappropriation of trade secrets, negligent misrepresentation and fraudulent misrepresentation claims with the requisite particularity required for such claims. In addition, FUTSA preempts Plaintiff's breach of fiduciary duty, tortious interference and infringement of intellectual property claims because of the absence of material distinctions between the allegations comprising the additional torts and the allegations supporting the FUTSA claim. Consequently, Counts III-VIII of Plaintiff's Complaint warrants dismissal.

WHEREFORE, Defendants, ALAN RICKETTS, JR., AMR RISK CONSULTING, LLC and MBL SOLUTIONS, INC., respectfully move this Honorable Court to issue an Order granting this Motion to Dismiss Counts III-VIII of Plaintiff's Complaint, tolling the time to respond to the remaining counts until such Order is issued containing a date certain for same, together with any additional relief in Defendants' favor that the Court deems appropriate and just.

[Intentionally left blank]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of October, 2024, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the Court via CM/ECF, which will send notice of electronic filing to all counsel of record.

        COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant ALAN RICKETTS, JR., AMR RISK CONSULTING, LLC and MBL SOLUTIONS, INC.*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (786) 268-6464
Facsimile (305) 373-2294
Primary e-mail: andrew.simon@csklegal.com
Secondary e-mail: clayton.chinqueejr@csklegal.com

By:  s/ Clayton H. Chin Quee, Jr.
ANDREW G. SIMON
Florida Bar No.: 1002623
CLAYTON H. CHIN QUEE, JR.
Florida Bar No.: 121794

1620.0662-00/-1